■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY HAWKINS, Appellant. [621 NYS2d 252] —Judgment unanimously affirmed. Memorandum: The trial court did not err in denying defendant's request to instruct the jury that the victim's identification testimony was unreliable and should be disregarded because it was based upon a recollection revived by dreams and nightmares. The ability of a witness to recall the identity of an assailant and the reliability of that identification raise questions of witness credibility; the weight to be accorded such evidence is properly within the jury's province *(see, People v Vail,* 182 AD2d 331, 333, *lv denied* 81 NY2d 977; *People v Saunders,* 166 AD2d 546, *lv denied* 76 NY2d 1024). The court properly rejected defendant's attempt to analogize dreams to hypnosis. Hypnotically induced recollections are inadmissible because the scientific procedure of hypnosis is inherently suggestive and has not been accepted by the scientific community *(see, People v Hughes,* 59 NY2d 523, 542-543). The victim testified that he recognized defendant as his assailant when he encountered him at their workplace, but that he was not 100% certain at the time. After experiencing several dreams and nightmares concerning the incident, he was certain that defendant was the perpetrator. The circumstances affecting the witness's recollection concerned the natural oper-

ation of the human mind, not the external influence of a scientific process, and the reliability of the witness's identification was an issue for the jury to decide.

After summations, defendant moved for a mistrial upon the ground that he was not notified that the victim's identification testimony was based upon a recollection revived by dreams and that he was not accorded pretrial discovery in the nature of a *Wade* hearing pursuant to *People v Hughes (supra,* at 546). Because the identification testimony was not based upon a suggestive police procedure, the court properly denied that motion. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.