■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE IVY, Appellant. [630 NYS2d 820] —Judgment unanimously

affirmed. Memorandum: Defendant Willie Ivy appeals from a judgment convicting him upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second and third degrees. The charges arose from the shooting death of Brian Brown on March 21, 1992. Defendant Dwayne Holley was charged with hindering prosecution in the first degree in connection with the Brown shooting, but Supreme Court dismissed that charge at the close of the proof. Holley appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree for kidnapping Curtis Alford on March 20, 1992. Ivy was also charged with kidnapping in the first degree in connection with the Alford kidnapping, but was acquitted of that charge.

The verdict is not against the weight of the evidence. Based upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490, 495). Although critical evidence against defendants was supplied by witnesses whose testimony, according to defendants, was unworthy of belief, matters of credibility are within the province of the jury *(see, People v Gruttola,* 43 NY2d 116, 122; *People v Hawkins,* 210 AD2d 873).

The court properly denied defendants' motions to sever the kidnapping counts from the counts arising from the Brown shooting. The offenses were properly joinable because evidence of the kidnapping was material and necessary to prove motive upon a trial of the charges arising from the Brown shooting *(see,* CPL 200.20 [2] [b]; *People v Bongarzone,* 69 NY2d 892, 894; *People v Washpun,* 134 AD2d 858, *lv denied* 70 NY2d 1012). The court properly denied the motions of defendants for separate trials. Defendants were properly tried together because, for each incident, the offenses were based upon the same criminal transaction *(see,* CPL 200.40 [1] [a]), and defendants failed to demonstrate that they would be prejudiced by a joint trial *(see, People v Mahboubian,* 74 NY2d 174, 184-185).

Brown's girlfriend was allowed to testify to a statement Brown made to her on the night of the kidnapping. That statement was properly admitted as a declaration against Brown's penal interest because sufficient independent evidence was introduced to demonstrate the reliability of the statement *(see, People v Williams,* 142 AD2d 310, 318, *lv denied* 73 NY2d 1023).

A witness was improperly allowed to testify to Holley's statement that Ivy was "gone". That statement was not admissible against Holley because it was not inconsistent with his in-

nocence *(see,* Richardson, Evidence § 212 [Prince 10th ed]). The error is harmless, however, because the statement was cumulative of other evidence properly admitted that Ivy left town after the shooting. We decline to exercise our power to modify the sentences as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). We have examined Holley's remaining argument and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.