■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG MCCULLEN, Appellant. [881 NYS2d 577]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered August 21, 2007. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the DNA databank fee and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, grand larceny in the fourth degree (Penal Law § 155.30 [4]). Defendant failed to preserve for our review the contention in his main and pro se supplemental briefs that County Court erred in allowing the victim to testify with respect to her out-of-court identification of defendant (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant that the court erred in admitting testimony of the arresting officer that improperly bolstered the victim's testimony "by providing official confirmation of the [victim's out-of-court] identification of the defendant" (*People v German*, 45 AD3d 861, 862 [2007], *lv denied* 9 NY3d 1034 [2008]; *see generally People v Trowbridge*, 305 NY 471 [1953]). We conclude that the error is harmless, however, because the evidence of defendant's guilt, without reference to the error, is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see German*, 45 AD3d at 862; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant contends in his main brief that the persistent felony offender statute, i.e., Penal Law § 70.10, is unconstitutional because it violates his right to a jury trial. We reject that contention (*see generally People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US 984 [2005]), and we further conclude that the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see People v Kairis*, 37 AD3d 1070 [2007], *lv denied* 9 NY3d 846 [2007]). Contrary to the contention of defendant in his main and pro se supplemental briefs, the court properly allowed his accomplices to testify with respect to statements that he made to them following his arrest

inasmuch as those statements constituted evidence of consciousness of guilt (*see People v Violante*, 144 AD2d 995, 996 [1988], *lv denied* 73 NY2d 897 [1989]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject the further contention of defendant in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit.

We agree with defendant that the instant crimes were committed before the effective dates of the amendments to Executive Law § 995, which made the crimes "designated offenses" for purposes of imposition of the DNA databank fee of $50 (*see* Executive Law § 995 [7]; Penal Law § 60.35 [1] [a] [v]). Thus, the DNA databank fee should not have been imposed. Although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.