■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL M. COOPER, Appellant. (Appeal No. 1.) [908 NYS2d 483]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 1, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the first degree, robbery in the second degree, grand larceny in the third degree (two counts), endangering the welfare of a child and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the DNA databank fees and the mandatory surcharges imposed under counts three and four of the indictment and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of grand larceny in the third degree (Penal Law § 155.35) and one count each of burglary in the first degree (§ 140.30 [4]) and robbery in the first degree (§ 160.15 [4]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (§ 220.16 [1]).

Defendant failed to preserve for our review his contention in appeal No. 1 that his conviction of grand larceny in the third degree under the fifth count of the indictment is not supported by legally sufficient evidence inasmuch as his motion for a trial order of dismissal was not specifically directed at the alleged error on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Tillman*, 273 AD2d 913 [2000], *lv denied* 95 NY2d 939 [2000]). In any event, that contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*People v Steinberg*, 79 NY2d 673, 682 [1992]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the failure of County Court to refer to all of the items of stolen property in its charge to the jury does not render the conviction of grand larceny in the third degree under the fifth count of the indictment unlawful or based upon insufficient evidence (*see generally People v Acosta*, 80 NY2d 665, 672 [1993]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in appeal No. 1 that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention in appeal No. 1, we

conclude that the court meaningfully responded to the jury's request for a photograph of defendant at the time of his arrest (*see People v Malloy*, 55 NY2d 296, 298 [1982], *cert denied* 459 US 847 [1982]; *People v Jones*, 52 AD3d 1252 [2008], *lv denied* 11 NY3d 738 [2008]). As defendant contends, and the People correctly concede, however, the court erred in imposing a $270 surcharge and a $50 DNA databank fee under counts three and four of the indictment in appeal No. 1 (*see* Penal Law § 60.35 [2]). Although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), we exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v McCullen*, 63 AD3d 1708 [2009]). We therefore modify the judgment in appeal No. 1 accordingly.

The sentence in each appeal is not unduly harsh or severe. In light of our determination, there is no need to address the contention of defendant in appeal No. 2 that he should be permitted to withdraw his guilty plea if this Court reverses the judgment in appeal No. 1. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.