# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1153

KA 08-00330

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENLEY PECK, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered January 8, 2008. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). Pursuant to the terms of the plea agreement, entered into in January 2007, defendant pleaded guilty to the charge of burglary, a class D felony, and was promised that, if he successfully completed a drug treatment program, he would be permitted to withdraw his plea to the felony and instead plead guilty to a misdemeanor with a promised sentence of a one-year conditional discharge. If defendant was unsuccessful in the drug treatment program, however, under the plea agreement he would be sentenced to a term of incarceration of one to three years. The record establishes that the drug treatment contract included a provision that, in order to remain enrolled in the program, defendant could not be arrested. In January 2008, defendant appeared in County Court for sentencing on the felony based upon his termination from the drug treatment program for, inter alia, his postplea arrests for other crimes. Defendant denied having been criminally involved in the crimes giving rise to his arrests and requested an opportunity to prove his innocence. Relying heavily upon the "mere fact" of defendant's arrests (*People v Outley*, 80 NY2d 702, 713), the court summarily sentenced defendant to one to three years.

Initially, we agree with defendant that, even if valid, his waiver of the right to appeal does not encompass his contention that the court erred in failing to conduct an inquiry to determine whether there was a legitimate basis for defendant's termination from the drug

treatment program (*see People v Huggins*, 45 AD3d 1380, *lv denied* 9 NY3d 1006; *see also People v Fiammegta*, 14 NY3d 90). We further agree with defendant that the court erred in failing to "carry out an inquiry of sufficient depth to satisfy itself that there was a legitimate basis" for defendant's termination from the drug treatment program (*Fiammegta*, 14 NY3d at 98), including whether the postplea arrests were "without foundation" (*Outley*, 80 NY2d at 713). Because defendant served his sentence of incarceration, the only remedy available to him is to be permitted to withdraw his plea of guilty to a felony and to plead guilty to a misdemeanor. We therefore hold the case, reserve decision, and remit the matter to County Court to conduct an inquiry to determine whether there was a legitimate basis for defendant's termination from the drug treatment program, including whether defendant's postplea arrests were without foundation.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court