# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**509**

**KA 09-02301**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOSHUA M. PERRIN, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered October 28, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of marihuana in the first degree, criminal possession of marihuana in the second degree and criminal possession of marihuana in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count two of the indictment and imposing a sentence of a determinate term of 2½ years on that count, to run concurrently with the sentences imposed on counts one and three, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of marihuana in the first degree (Penal Law § 221.55), criminal possession of marihuana in the second degree (§ 221.25) and criminal possession of marihuana in the first degree (§ 221.30). Contrary to defendant's contention, the three-year determinate term of imprisonment with two years of postrelease supervision imposed on counts one and three is not unduly harsh or severe. Although defendant does not challenge the legality of the sentence imposed on count two, i.e., a three-year determinate term of imprisonment, we cannot allow that illegal sentence to stand (*see People v VanValkinburgh*, 90 AD3d 1553, 1554). In the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence (*see generally People v Savery*, 90 AD3d 1505, 1505). We therefore modify the judgment by vacating the sentence imposed on count two and imposing a sentence of a determinate term of imprisonment of 2½ years on that count, to run concurrently with the sentences imposed on counts one and three. Because defendant has served the maximum term of 2½ years of imprisonment and has been released from custody, a period of postrelease supervision may not now be imposed on that count (*see People v Williams*, 14 NY3d 198, 217,

*cert denied* \_\_\_ US \_\_\_, 131 S Ct 125).