# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1148**
**KA 08-00330**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENLEY PECK, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered January 8, 2008. The appeal was held by this Court by order entered December 23, 2011, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (90 AD3d 1500). The proceedings were held and completed (Jeffrey R. Merrill, A.J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). This Court previously held the case, reserved decision and remitted the matter to County Court "to conduct an inquiry to determine whether there was a legitimate basis for defendant's termination from the drug treatment program, including whether defendant's postplea arrests were without foundation" (*People v Peck*, 90 AD3d 1500, 1501). We conclude that, upon remittal, the court conducted a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702, 713) to satisfy itself that defendant's postplea arrest in Camillus, New York had a legitimate basis and thus constituted a violation of the conditions of the drug treatment program and the plea agreement (*see People v Fiammegta*, 14 NY3d 90, 97; *People v Marshall*, 231 AD2d 893, 894-895, *lv denied* 89 NY2d 866). Inasmuch as we conclude that defendant's arrest in Camillus justified his removal from the drug treatment program, we need not address defendant's remaining contentions.

Entered: November 16, 2012                    Frances E. Cafarell
                                              Clerk of the Court