# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

438
KA 06-03041
PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BILLY J. ARNOLD, JR., DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered June 28, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and coercion in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the DNA databank fee, the sex offender registration fee, and the supplemental sex offender fee and by reducing the mandatory surcharge to $200 and the crime victim assistance fee to $10, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and coercion in the first degree (§ 135.65 [1]). Defendant contends that County Court erred in giving the jury supplemental instructions without giving defense counsel notice of the relevant jury note and an opportunity to be heard with respect thereto. The note from the jury requested a readback of certain testimony of the victim and asked whether the charges encompassed conduct occurring at a certain location only. It is well settled that, "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel" (*People v O'Rama*, 78 NY2d 270, 277-278). Here, the record does not indicate that the court gave defense counsel notice of the contents of the note outside the presence of the jury, but it establishes that the court read the note verbatim before the jury, defense counsel, and defendant. Defense counsel raised no objection. The Court of Appeals has clarified that "some departures from the procedures outlined in *O'Rama* may be subject to rules of preservation" (*People v Kisoon*, 8 NY3d 129, 135). Where,

as here, the jury note is read verbatim in open court and defendant had knowledge of the substance of the court's intended response, "[defense] counsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved" for our review (*People v Starling*, 85 NY2d 509, 516; *see People v Ramirez*, 15 NY3d 824, 825-826; *People v Woods*, 72 AD3d 1563, 1564, *lv denied* 15 NY3d 811).  We decline to exercise our power to address defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Bonner*, 79 AD3d 1790, 1790-1791, *lv denied* 17 NY3d 792).

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct.  Defendant's contention with respect to most of the instances of alleged prosecutorial misconduct have not been preserved for our review (*see People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965), and we decline to exercise our power to review his contention with respect to those instances of alleged misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We conclude that the remaining instances of misconduct were "not so egregious as to deprive defendant of a fair trial" (*People v Wittman*, 103 AD3d 1206, 1207; *see People v Freeman*, 78 AD3d 1505, 1505-1506, *lv denied* 15 NY3d 952).

Defendant contends that the evidence with respect to the conviction of course of sexual conduct against a child in the first degree is legally insufficient to establish that two or more incidents of sexual conduct occurred over a period of at least three months.  Penal Law § 130.75 (1) (a) provides, in relevant part, that a person is guilty of course of sexual conduct against a child in the first degree when he or she engages in two or more acts of sexual conduct "over a period of time not less than three months in duration." Viewing the evidence in the light most favorable to the People, as we must in the context of a legal sufficiency analysis (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that the course of sexual conduct lasted in excess of three months (*see generally People v Bleakley*, 69 NY2d 490, 495).  We further conclude that, when viewed in light of the elements of the crime of course of sexual conduct against a child in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict with respect to that crime is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "Jury resolution of credibility issues, particularly those involving sex-related conduct with a victim of tender years who may have difficulty recalling precise dates and times of the acts, will not be disturbed absent manifest error" (*People v Johnson*, 24 AD3d 967, 968, *lv denied* 6 NY3d 814).

Contrary to defendant's contention, there was no *Brady* violation inasmuch as the email disclosed by the prosecutor after trial was not exculpatory (*see generally People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766).  In any event, reversal would not be required because there is no reasonable possibility that the email, had it been disclosed earlier, would have changed the result of the proceeding

(*see id*.).  Defendant further contends that he received ineffective assistance of counsel because defense counsel failed to make a timely speedy trial motion pursuant to CPL 30.30.  That motion would have had little or no chance of success, and we therefore conclude that defendant was not denied effective assistance of counsel (*see People v McDuffie*, 46 AD3d 1385, 1386, *lv denied* 10 NY3d 867; *see generally People v Caban*, 5 NY3d 143, 152).

As defendant contends, and the People correctly concede, however, the court erred in imposing a $50 DNA databank fee, a $50 sex offender registration fee, and a $1,000 supplemental sex offender victim fee because defendant's crime was committed prior to the effective date of the amendments to Penal Law § 60.35, which added those fees (*see People v Caggiano*, 46 AD3d 1405, 1406).  Although defendant failed to preserve that contention for our review (*see People v Cooper*, 77 AD3d 1417, 1419, *lv denied* 16 NY3d 742; *People v McCullen*, 63 AD3d 1708, 1710, *lv denied* 13 NY3d 747), we exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We therefore modify the judgment accordingly.  In addition, the $250 mandatory surcharge and $20 crime victim assistance fee must be reduced to $200 and $10, respectively, for the same reason (*see People v Febres*, 11 AD3d 319, 319), and we therefore further modify the judgment accordingly.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                  Clerk of the Court