# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

809

KA 13-01147

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

DANIEL J. KOLATA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered April 8, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and remitting the matter to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [2]). We agree with defendant that he was denied due process at sentencing when County Court imposed a sentence based on defendant's postplea arrest without determining that "the information upon which it [was basing] the sentence [was] reliable and accurate" (*People v Outley*, 80 NY2d 702, 712; *see generally People v Fiammegta*, 14 NY3d 90, 97-98). As a preliminary matter, we note that defendant's due process challenge is not encompassed by the waiver of the right to appeal (*see generally People v Peck*, 90 AD3d 1500, 1501).

The record establishes that, during the plea colloquy, the court informed defendant that the maximum sentence for DWI is a fine of $5,000 and an indeterminate term of imprisonment of 1⅓ to 4 years, but that the court would also consider the lesser alternatives of a sentence of probation or a referral to "drug court." The court further informed defendant that, "as long as you show up for [ ]sentencing and don't get into trouble again, I won't go over [1 to 3] years if I were to incarcerate you." On the day of sentencing, the court noted that, two weeks after defendant's plea of guilty, defendant was arrested in the Town of Allegany and charged with a violation and a class A misdemeanor. The court thereafter imposed on defendant a term of imprisonment, rather than one of the lesser

alternatives it had previously mentioned, based upon defendant's postplea arrest.  The record is clear that the court based its determination to impose a term of imprisonment solely on the information contained in the presentence report that defendant had been arrested and charged with the violation and misdemeanor.  Notably, in response to the court's inquiry concerning "what was happening" with that matter, defense counsel responded that he did not represent defendant on the matter and that it was still pending in local court.  Thus, we conclude that, in imposing a term of imprisonment, the court erred in relying on the " 'mere fact' " that defendant had been arrested (*Fiammegta*, 14 NY3d at 97), and that it failed to "carry out an inquiry of sufficient depth to satisfy itself that there was a legitimate basis" for defendant's arrest (*id.* at 98; *cf. People v Semple*, 23 AD3d 1058, 1059-1060, *lv denied* 6 NY3d 852; *People v Lighthall*, 6 AD3d 1170, 1171, *lv denied* 3 NY3d 643).  We therefore vacate the sentence and remit the matter to County Court for a determination whether there was a legitimate basis for the postplea arrest and for such further proceedings as may be necessary thereafter.

Entered:  July 3, 2014                        Frances E. Cafarell
                                              Clerk of the Court