■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAQUEL FLORES, Appellant. [21 NYS3d 879]—

Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered March 14, 2013, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed. Judgments (same court and Justice), rendered June 19, 2013, as amended December 4, 2013, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an aggregate concurrent term of five years, unanimously modified, on the law, to replace the second felony offender adjudications on the drug convictions with adjudications as a second felony drug offender, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations. The record supports a reasonable conclusion that the alleged contradiction in a witness's testimony regarding the roles of the assailants was satisfactorily explained (*see People v Fratello*, 92 NY2d 565, 574-575 [1998], *cert denied* 526 US 1068 [1999]). The prosecutor's clarifying questions were permissible under the circumstances, and did not deprive defendant of a fair trial.

Defendant's challenge to the prosecutor's summation is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). The challenged comments were fair responses to the defense summations, and the court's curative instruction was sufficient to alleviate any prejudice.

As the People concede, because of defendant's predicate drug conviction, he should have been adjudicated a second felony drug offender, rather than a second felony offender, on the drug convictions.

We perceive no basis for reducing any of the sentences. Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.