# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**362**
**KA 13-01846**
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM TERRY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 18, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the finding that defendant is a second violent felony offender and replacing it with a finding that he is a predicate felony sex offender and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]). We agree with defendant that he did not validly waive his right to appeal because, "[a]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [Supreme] Court and defendant regarding the waiver of the right to appeal to ensure that it was knowingly, voluntarily and intelligently entered" (*People v Carno*, 101 AD3d 1663, 1664, *lv denied* 20 NY3d 1060). Contrary to the People's contention, the fact that the written waiver stated that defendant "waive[d] . . . [his] right to have the court explain on the record . . . [his] right to appeal and the significance of [his] waiver of appeal" does not compel a different result. " '[A] written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his right to appeal' " (*People v Banks*, 125 AD3d 1276, 1277, *lv denied* 25 NY3d 1159; *see People v Bradshaw*, 18 NY3d 257, 264-265; *People v Callahan*, 80 NY2d 273, 283).

Defendant contends that the court erred in imposing a supplemental sex offender victim fee because he was not convicted of

an offense contained in article 130 of the Penal Law, but instead was convicted of an attempt to commit such an offense (*see* § 60.35 [1] [b]).  Defendant failed to preserve that issue for our review (*see generally People v Arnold*, 107 AD3d 1526, 1528, *lv denied* 22 NY3d 953; *People v Cooper*, 77 AD3d 1417, 1419, *lv denied* 16 NY3d 742), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  We reject defendant's alternative contention that the fee should be vacated on the ground that defense counsel's failure to object to the fee constituted ineffective assistance of counsel.  Defendant's contention "does not survive his guilty plea because [t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Abdulla*, 98 AD3d 1253, 1254 [internal quotation marks omitted], *lv denied* 20 NY3d 985).

The court sentenced defendant as a second violent felony offender to a determinate term of incarceration of 4 years with 5 years of postrelease supervision.  Inasmuch as attempted sexual abuse in the first degree is not a violent felony (*see* Penal Law § 70.02 [1] [d]), we modify the judgment by adjudicating defendant a predicate felony sex offender (*see* § 70.80 [1] [c]; *People v Flores*, 135 AD3d 415, 415; *People v Garcia*, 29 AD3d 255, 264, *lv denied* 7 NY3d 789).  Although that issue was not raised by the parties, we cannot allow an illegal sentence to stand (*see People v Hughes*, 112 AD3d 1380, 1381, *lv denied* 23 NY3d 1038; *People v Perrin*, 94 AD3d 1551, 1551).  The maximum term of incarceration is four years for both a second violent felony offender (§ 70.04 [2], [3] [d]) and a predicate felony sex offender with a violent predicate felony offense (§ 70.80 [1] [c]; [5] [c]), and we therefore see no reason to remit for resentencing (*see Hughes*, 112 AD3d at 1381; *Perrin*, 94 AD3d at 1551; *People v Terry*, 90 AD3d 1571, 1571-1572; *cf. People v Donhauser* [appeal No. 2], 37 AD3d 1053, 1054).  The sentence is not unduly harsh or severe.  Although defendant received the maximum period of incarceration, he was sentenced to the minimum period of postrelease supervision, which could have been as much as 15 years (§ 70.45 [2-a] [g]).  In light of defendant's significant history of convictions of sex offenses, we see no reason to reduce the sentence.

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court