# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1209**

**KA 14-01826**

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

STEVEN MYERS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered March 25, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). Preliminarily, we agree with defendant that he did not validly waive his right to appeal because, although defendant signed two written waivers of the right to appeal, there was no colloquy between County Court and defendant concerning the waiver (*see People v Bradshaw*, 18 NY3d 257, 264-265; *People v Callahan*, 80 NY2d 273, 283; *People v Terry*, 138 AD3d 1484, 1484, *lv denied* 27 NY3d 1156). "[A] written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his right to appeal" (*Terry*, 138 AD3d at 1484 [internal quotation marks omitted]). Defendant's challenge to the voluntariness of his plea is unpreserved for our review because he failed to move to withdraw the plea or to vacate the judgment of conviction (*see e.g. People v Reinard*, 134 AD3d 1407, 1408, *lv denied* 27 NY3d 1074, *cert denied* ___ US ___ [Oct. 31, 2016]).

Although defendant was not required to preserve for our review his challenge to the validity of his waiver of indictment (*see People v Boston*, 75 NY2d 585, 589 n; *People v Lugg*, 108 AD3d 1074, 1074), we reject defendant's contentions that his waiver of indictment is invalid because there was no colloquy on that subject and no evidence in the record that his waiver was executed in "open court" (CPL 195.20). A colloquy is not required in connection with a waiver of indictment (*see generally People v Pierce*, 14 NY3d 564, 567-568) and,

"even [when] the plea minutes are silent," the "open court" execution requirement of CPL 195.20 is satisfied where, as here, the court's order approving the indictment waiver "expressly found that defendant had executed the waiver in open court" (*People v Davis*, 84 AD3d 1645, 1646, *lv denied* 17 NY3d 815; *see People v Finster*, 136 AD3d 1279, 1280, *lv denied* 27 NY3d 1132).

We reject defendant's contention that the court abused its discretion in terminating his participation in a drug treatment program. Pursuant to the terms of the plea agreement, defendant was placed in a drug treatment program and, following his successful completion of the program, the charge would be reduced to an unspecified misdemeanor, from which he would be conditionally discharged. If defendant did not complete the program, however, defendant could receive any lawful sentence on the burglary conviction, including the maximum term of imprisonment. When defendant did not successfully complete the program, the court sentenced him to the maximum term allowed. Trial courts have "broad discretion when supervising a defendant subject to [a drug treatment program], and deciding whether the conditions of a [drug treatment program] plea agreement have been met" (*People v Fiammegta*, 14 NY3d 90, 96; *see generally* CPL 216.05 [9] [c]). Here, despite doing well in the first year of the program, defendant ultimately relapsed multiple times and missed several court dates. Defendant nevertheless was twice given new treatment programs after relapsing. Under these circumstances, we cannot conclude that the court abused its broad discretion in terminating defendant's participation in the drug treatment program (*see e.g. People v Shipp*, 138 AD3d 1416, 1417, *lv denied* 28 NY3d 936; *People v Peck*, 100 AD3d 1520, 1521, *lv denied* 20 NY3d 1102).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court