# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**5**
**KA 15-00421**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CURTIS MOSS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered December 3, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We conclude that the waiver of the right to appeal with respect to the conviction and the sentence is valid and encompasses defendant's challenge to the severity of the bargained-for sentence (*see People v Lopez*, 6 NY3d 248, 255-256; *cf. People v Maracle*, 19 NY3d 925, 928). Nevertheless, we conclude that the sentence must be vacated because Supreme Court erred in sentencing defendant as a second violent felony offender, and "we cannot allow an illegal sentence to stand" (*People v Terry*, 138 AD3d 1484, 1485, *lv denied* 27 NY3d 1156; *see People v Fields*, 79 AD3d 1448, 1449). The predicate offense of criminal possession of a weapon in the third degree under the subdivision of which defendant was convicted (§ 265.02 [3]) is not a violent felony offense (*see* § 70.02 [1] [c]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing (*cf. Terry*, 138 AD3d at 1485).

Entered: February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court