■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS L. PETERKIN, Appellant. [61 NYS3d 398]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 3, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree, attempted burglary in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), attempted burglary in the second degree (§§ 110.00, 140.25 [2]), and resisting arrest (§ 205.30). As the People correctly concede, defendant's written waiver of the right to appeal is invalid because the record establishes that County Court did not explain the written waiver to defendant or ascertain that he understood its contents (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Terry*, 138 AD3d 1484, 1484 [2016], *lv denied* 27 NY3d 1156 [2016]). Indeed, "[a] written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his [or her] right to appeal" (*Terry*, 138 AD3d at 1484 [internal quotation marks omitted]).

Contrary to defendant's contention, the court did not err in denying that part of his omnibus motion seeking to suppress the identification testimony of two witnesses on the ground that the photo array used in the pretrial identification procedures was unduly suggestive. "The composition and presentation of the photo array were such that there was no reasonable possibility that the attention of the witness[es] would be drawn to defendant as the suspect chosen by the police" (*People v Sylvester*, 32 AD3d 1226, 1227 [2006], *lv denied* 7 NY3d 929 [2006]; *see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). We reject defendant's contention that the police should have shown the witnesses a photo array without defendant's photograph in it, in addition to the photo array that contained his photograph.

Defendant contends that the court erred in denying that part of his omnibus motion seeking to suppress evidence obtained after his arrest because the police officer did not have probable cause to believe that defendant had committed a crime when he approached him. We reject that contention. The court properly determined that the actions of the officer were justified at his initial encounter with defendant and every subsequent stage thereafter (*see generally People v Bradley*, 137 AD3d 1611, 1611 [2016], *lv denied* 27 NY3d 1128 [2016]). The officer viewed surveillance videos of a suspect in a burglary that had occurred the day before, and later that day he saw defendant walking along a street, wearing the same clothing and carrying the same backpack as the man in the videos. The officer therefore had an " 'objective credible reason' " to approach defendant and ask him his name (*People v Garcia*, 20 NY3d 317, 322 [2012]; *see People v Hollman*, 79 NY2d 181, 190

[1992]). When defendant gave a false identification, the officer had a founded suspicion that criminal activity was afoot, thus permitting him to ask defendant what he had in an orange bag from Kinney Drugs (*see People v Battaglia*, 86 NY2d 755, 756 [1995]; *see generally Hollman*, 79 NY2d at 191-192). Defendant showed the officer the contents of the bag, which the officer believed to be an item stolen in the burglary. Defendant dropped the bag and stuck his hand in his pocket, and refused to remove it when asked to do so by the officer. When the officer tried to remove defendant's hand from his pocket, defendant struck the officer and then fled. Defendant's actions in striking the officer gave the officer probable cause to arrest defendant and search him incident to the arrest (*see generally People v De Bour*, 40 NY2d 210, 223 [1976]). In addition, the items recovered from the discarded backpack and the Kinney Drugs bag were lawfully obtained by the police inasmuch as defendant abandoned them (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]).

Defendant's contention that he was coerced into pleading guilty is without merit. In his motion to withdraw the plea, defendant stated that he was under the impression that, if he was convicted of the offenses, he was facing a mandatory minimum sentence of 16 years to life. The preplea proceedings, however, showed that defendant was advised that he would receive that minimum sentence only if he was convicted of the offenses *and* found to be a persistent violent felony offender. Defendant's remaining challenge to the voluntariness of the plea is not preserved for our review because it was not raised in his motion to withdraw the guilty plea (*see People v Zulian*, 68 AD3d 1731, 1732 [2009], *lv denied* 14 NY3d 894 [2010]), and this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). Finally, the sentence is not unduly harsh or severe. Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.