People v Calkins (2019 NY Slip Op 03169)





People v Calkins


2019 NY Slip Op 03169


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


117 KA 18-00050

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH R. CALKINS, JR., DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
KENNETH R. CALKINS, JR., DEFENDANT-APPELLANT PRO SE.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered June 28, 2017. The judgment convicted defendant, after a nonjury trial, of criminal sexual act in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the mandatory surcharge to $250 and the crime victim assistance fee to $20, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of two counts of criminal sexual act in the first degree (Penal Law § 130.50 [3]), defendant contends in his main brief that reversal is required because the record does not establish that he knowingly, intelligently, and voluntarily waived his right to testify in his own defense at trial. We reject that contention. Generally, the trial court is not obligated to ascertain whether a defendant's failure to testify was the result of a knowing, intelligent, and voluntary waiver (see People v Pilato, 145 AD3d 1593, 1595 [4th Dept 2016], lv denied 29 NY3d 951 [2017]; see also People v Morgan, 149 AD3d 1148, 1152 [3d Dept 2017]). Although there are "exceptional, narrowly defined circumstances[ in which] judicial interjection through a direct colloquy with the defendant may be required to ensure that the defendant's right to testify is protected" (United States v Pennycooke, 65 F3d 9, 12 [3d Cir 1995]; see Brown v Artuz, 124 F3d 73, 79 n 2 [2d Cir 1997]), such circumstances are not present here (see Pilato, 145 AD3d at 1595).
Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contentions in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Further, contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe. We agree with defendant, however, that County Court erred in directing him to pay a mandatory surcharge of $300 and a crime victim assistance fee of $25. Those amounts are in an amendment to Penal Law § 60.35 (1) (a) that became effective after the instant offense was committed, and the court therefore erred in applying them to this conviction (cf. People v Caggiano, 46 AD3d 1405, 1406 [4th Dept 2007]). Although defendant failed to preserve his contention for our review (see People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]), we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We therefore modify the judgment by reducing the mandatory surcharge to $250 and the crime victim assistance fee to $20. We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court