People v Smith (2020 NY Slip Op 04702)





People v Smith


2020 NY Slip Op 04702


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


593 KA 18-00944

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HILLARD SMITH, ALSO KNOWN AS MARK SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered February 23, 2018. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree (two counts), burglary in the first degree, assault in the third degree, menacing in the second degree (two counts), criminal possession of a weapon in the third degree (two counts) and criminal contempt in the first degree (two counts). 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is modified on the law and the facts by reversing those parts convicting defendant of manslaughter in the first degree under count two of the indictment and assault in the third degree under count four of the indictment and dismissing those counts of the indictment, and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of murder in the first degree (§ 125.27 [1] [a] [vii]; [b]) and murder in the second degree (§ 125.25 [1]) under counts one and two of the indictment, respectively, one count of burglary in the first degree (§ 140.30 [3] [count three]), one count of assault in the third degree (§ 120.00 [1] [count four]), two counts of menacing in the second degree (§ 120.14 [1] [counts five and eight, respectively]), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1] [counts six and nine, respectively]). In appeal No. 2, defendant appeals from the resentence on that conviction.
We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (see People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]). In addition, although the notice of appeal in appeal No. 1 relates to the judgment rendered on February 23, 2018, and not the resentence on May 18, 2018, we exercise our discretion to treat the notice of appeal as also including an appeal from the resentence (see People v Hennigan [appeal No. 1], 145 AD3d 1528, 1528 [4th Dept 2016], lv denied 29 NY3d 998 [2017]; see also CPL 460.10 [6]).
Contrary to defendant's contention in appeal No. 1, Supreme Court properly denied his motion to sever counts one through three of the indictment from the remaining counts. "Offenses are joinable if, inter alia, proof of either offense would be material and admissible as evidence-in-chief at the trial of the other offense" (People v Smith, 109 AD3d 1150, 1150-1151 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]; see CPL 200.20 [2] [b]). In this case, counts one through three of the indictment arose from an April 12, 2017 incident in which defendant broke into the home of his former girlfriend and stabbed to death her then-boyfriend. The remaining [*2]counts of the indictment arose from previous, escalating acts of domestic violence by defendant against the same woman. We thus conclude that the evidence of the prior incidents was admissible with respect to the April 12, 2017 incident on the basis of overlapping evidence (see People v Perez, 47 AD3d 409, 410-411 [1st Dept 2008], lv denied 10 NY3d 843 [2008]), as well as to establish defendant's intent when he broke into the home of his former girlfriend (see Smith, 109 AD3d at 1150-1151; People v Ivy, 217 AD2d 948, 949 [4th Dept 1995], lv denied 86 NY2d 843 [1995]). "[O]nce the offenses were properly joined, the court lacked the statutory authority to sever" (People v Cornell, 17 AD3d 1010, 1011 [4th Dept 2005], lv denied 5 NY3d 805 [2005]; see Smith, 109 AD3d at 1151).
Defendant next contends in appeal No. 1 that the evidence is legally insufficient to support the conviction with respect to manslaughter in the first degree under counts one and two of the indictment, burglary in the first degree under count three of the indictment, assault in the third degree under count four of the indictment, menacing in the second degree under count five of the indictment, and criminal possession of a weapon in the third degree under count six of the indictment. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve his contention for our review (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Norman, 183 AD3d 1240, 1242 [4th Dept 2020]). Nonetheless, " we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Gibson, 134 AD3d 1512, 1514 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to counts one, two, three, five, and six is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the verdict with respect to count four is against the weight of the evidence. With respect to that count, which arose from a January 10, 2017 incident in which defendant struck his former girlfriend with a closed fist, we conclude that the People failed to present evidence establishing beyond a reasonable doubt that she sustained a physical injury (see Gibson, 134 AD3d at 1513-1514). We thus modify the judgment by reversing that part convicting defendant of assault in the third degree under count four of the indictment and dismissing that count of the indictment.
Defendant further contends in appeal No. 1 that he should not have been convicted under both count one and count two of the indictment inasmuch as count two of the indictment, which charged him with murder in the second degree (Penal Law § 125.25 [1]), is a lesser included offense of murder in the first degree (§ 125.27 [1] [a] [vii]; [b]), the offense charged in count one of the indictment (see People v Brown, 181 AD3d 701, 703 [2d Dept 2020]; People v Jeremiah, 147 AD3d 1199, 1206 [3d Dept 2017], lv denied 29 NY3d 1033 [2017]). We agree. Initially, we note that defendant was not required to preserve his contention for our review (see People v Bank, 129 AD3d 1445, 1448 [4th Dept 2015], affd 28 NY3d 131 [2016]). Under the circumstances here, the court should have instructed the jury to consider count two "only in the alternative as an inclusory concurrent count" of count one (People v Flecha, 43 AD3d 1385, 1386 [4th Dept 2007], lv denied 9 NY3d 990 [2007]; see CPL 300.40 [3] [b]). The court, however, erred when it did not instruct the jury to consider counts one and two in the alternative and instead directed the jury to consider the lesser included offenses of manslaughter in the first degree and manslaughter in the second degree for each of the two murder charges. That error resulted in the jury improperly returning a verdict convicting defendant of two identical counts of manslaughter in the first degree with respect to the same victim. We therefore further modify the judgment by reversing the conviction of manslaughter in the first degree under count two of the indictment and dismissing that count of the indictment (see People v McIntosh, 162 AD3d 1612, 1618 [4th Dept 2018], affd 33 NY3d 1064 [2019]; Bank, 129 AD3d at 1448-1449).
We have reviewed defendant's remaining contentions in appeal No. 1 and conclude that none requires further modification or reversal of the judgment.
In appeal No. 2, defendant contends, and the People correctly concede, that defendant's 2006 conviction of robbery with firearms or other dangerous weapons under North Carolina law (see NC Gen Stat
§ 14-87 [a]) does not constitute a predicate violent felony conviction (see Penal Law § 70.04 [1] [b] [i]; People v Durant, 121 AD3d 709, 710 [2d Dept 2014]). Therefore, we reverse the resentence and remit the matter to Supreme Court for resentencing on counts 1, 3 and 5 through [*3]10 of the indictment (see People v Moss, 147 AD3d 1297, 1298 [4th Dept 2017]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court