■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MCELRATH, Appellant. [661 NYS2d 361] —Judgment unanimously affirmed. Memorandum: Defendant contends that his waiver of indictment was ineffective because, at the time he waived indictment, he had not been held for action of a Grand Jury as required by CPL 195.10 (1) (a). From our review of the plea proceedings, we conclude that defendant was held for action of a Grand Jury and, thus, the matter was properly before County Court (*see, People v Chad S.*, 237 AD2d 986; *People v McCarthy*, 186 AD2d 1067, *lv denied* 81 NY2d 843).

Defendant further contends that the court erred in ordering him to pay restitution without conducting a hearing (*see,* Penal Law § 60.27). We disagree. The record establishes that defendant agreed to the amount of restitution during the plea colloquy. The record further establishes that neither defendant nor defense counsel objected to the amount of restitution directed at sentencing and that the court had before it the presentence report that detailed the victim's loss. Under those circumstances, the court properly determined the amount of restitution without conducting a hearing (*see,* Penal Law § 60.27 [1], [2]; *cf., People v Consalvo*, 89 NY2d 140, 144-146). We likewise reject the contention of defendant that the court erred in directing him to pay both restitution and the mandatory surcharge (*see,* Penal Law § 60.35 [6]; *People v Wilcox*, 234 AD2d 1007, *lv denied* 89 NY2d 989; *People v Burks,* 195 AD2d 1014, 1015, *lv denied* 82 NY2d 804).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Petit Larceny.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.