■ BETTY L. KIMMEL et al., Respondents, v STATE OF NEW YORK et al., Appellants, et al., Defendant. (Appeal No. 4.) [700 NYS2d 910] —Appeals unanimously dismissed without costs. Same Memorandum as in *Kimmel v State of New York* ([appeal No. 1] 267 AD2d 1079 [decided herewith]). (Appeals from Order of Supreme Court, Monroe County, Lunn, J.—Resettle Order.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES K. CROWLEY, Appellant. [700 NYS2d 878] —Judgment unanimously affirmed. Memorandum: By failing to move to withdraw his plea of guilty pursuant to CPL 220.60 (3) or to vacate the judgment of conviction pursuant to CPL 440.10, defendant failed to preserve for our review his present contention that the guilty plea was invalid (*see, People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839). Because defendant's statements during the plea colloquy do not cast significant doubt on the voluntariness of the plea, this case does not present one of those rare exceptions to the preservation doctrine (*see, People v Toxey, supra,* at 726; *People v Lopez,* 71 NY2d 662, 666). County Court fulfilled its obligation to make inquiry when defendant's statements presented the possibility of an intoxication defense (*see, People v Lopez, supra,* at 667-668).

Defendant's waiver of the right to appeal encompasses defendant's contention concerning the severity of the sentence (*see, People v Hidalgo,* 91 NY2d 733). Defendant's contention that the court erred in ordering restitution without conducting a hearing is without merit. The record establishes that defendant agreed that the amount of restitution requested was correct and consented to entry of a civil judgment against him in that amount (*see, People v McElrath,* 241 AD2d 932; *People v Lugo,* 191 AD2d 648). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Criminal Mischief, 3rd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.