■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE PERIARD, Appellant. [788 NYS2d 725]—

Crew III, J. Appeal from an order of the County Court of Warren County (Feldstein, J.), entered November 21, 2003, which directed defendant to pay restitution.

Defendant was charged in a three-count indictment with burglary in the second degree, assault in the third degree and attempted rape in the first degree in connection with a break-in at a residence in the City of Glens Falls, Warren County. He pleaded guilty to burglary in the second degree in full satisfaction of the indictment and thereafter was sentenced as a persistent felony offender to 18 years to life in prison. Following a hearing, County Court ordered defendant to pay $4,316.50 in restitution, plus a 5% surcharge, totaling $4,532.33. Defendant appeals from the order of restitution, contending that it is not supported by the law or the evidence presented at the hearing.

We affirm. Pursuant to Penal Law § 60.27 (1), when the court is made aware that the victim seeks restitution, it shall order the defendant "to make restitution of the fruits of his or her offense" unless the interests of justice dictate otherwise (see People v Horne, 97 NY2d 404, 410-411 [2002]). Here, the victim testified that she incurred numerous expenses as a direct result of defendant's actions. Specifically, she testified that she needed to replace certain personal items, including comforters and pillows worth approximately $135, curtains worth $20 and a bed frame estimated at $2,000. The victim further stated that she missed 118 hours of work due to the mental trauma she sustained as a result of the incident, which, at $14.25 per hour, results in lost wages of $1,681.50, in addition to $480 in medical expenses. Contrary to defendant's assertion, the victim's sworn testimony was sufficient to establish the losses that she incurred (see CPL 400.30 [4]; People v Morales, 256 AD2d 729, 729-730 [1998], lv denied 95 NY2d 868 [2000]), and we agree with County Court that the foregoing amounts are reasonable. We also reject defendant's contention that under the circumstances presented here, County Court abused its discretion in awarding the replacement value of those recoverable items, as opposed to the market value. Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed.