■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH G. McLEAN, Appellant. [896 NYS2d 753]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered November 30, 2007. The judgment convicted defendant, upon a jury verdict, of arson in the second degree, reckless endangerment in the second degree and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the second degree (Penal Law § 150.15), reckless endangerment in the second degree (§ 120.20) and criminal mischief in the second degree (§ 145.10). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349

[2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although a different result would not have been unreasonable, it cannot be said that the jury failed to give the testimony and the conflicting inferences that may be drawn therefrom the weight they should be accorded (*see generally id.*). To the extent that defendant further contends that the verdict is repugnant, he failed to preserve that contention for our review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Carter*, 21 AD3d 1295, 1296 [2005], *affd* 7 NY3d 875 [2006]) and, in any event, it is without merit (*see generally People v Trappier*, 87 NY2d 55, 58-59 [1995]).

We reject defendant's challenge to the amount of the restitution order. The owner of the building damaged by the fire testified at the restitution hearing that he was required to substantiate by documentary evidence the value and cost of the labor and materials needed to rehabilitate the building after the fire before he could receive any payments on his insurance claim. In addition, the mortgage company that administered the insurance company's payments conducted its own inspection of the rehabilitation work. Contrary to defendant's contention, we therefore conclude that County Court did not erroneously delegate its obligation to determine the amount of restitution to the insurance company, and the court properly determined that the payments by the insurance company on the claim constituted evidence of the victim's losses as a result of the fire (*see generally People v Tzitzikalakis*, 8 NY3d 217, 220-222 [2007]; *People v Consalvo*, 89 NY2d 140, 145 [1996]). Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.