# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

590

KA 10-00161

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

STEVEN L. AUCTER, DEFENDANT-APPELLANT.

---

TIMOTHY J. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN N. BAUERSFELD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 12, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the second degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the fourth degree, possession of burglar's tools, resisting arrest and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of stolen property in the third degree (Penal Law § 165.50) and possession of burglar's tools (§ 140.35). Defendant contends that County Court erred in imposing restitution in the amount of $21,000 without conducting a restitution hearing pursuant to Penal Law § 60.27 (2). We reject that contention. Indeed, the record establishes that the court did not impose restitution but, instead, defendant agreed in writing to forfeit the funds in question to the Cayuga County District Attorney's Office pursuant to CPLR article 13-A (*see People v Concepcion*, 188 AD2d 483). In any event, even assuming, arguendo, that the funds constituted restitution, we conclude that defendant failed to preserve his contention for our review " 'inasmuch as he failed to object to the amount of restitution at sentencing or to request a hearing with respect thereto' " (*People v Wright*, 79 AD3d 1789, 1790; *see People v Hannig*, 68 AD3d 1779, 1780, *lv denied* 14 NY3d 801), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered: June 10, 2011                    Patricia L. Morgan
                                          Clerk of the Court