THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN P. LAVILLA, Appellant. [930 NYS2d 344]—

Memorandum: Defendant appeals from an order of restitution arising from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We note at the outset that, "[a]s a general rule, a defendant may not appeal as of right from a restitution order in a criminal case . . . Here, however, [County C]ourt bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing, and thus 'defendant may properly appeal as of right from both the judgment of conviction . . . and the sentence as amended . . . , directing payment of restitution . . . , [with] no need to seek leave to appeal from [the] order of restitution' " (*People v Brusie*, 70 AD3d 1395, 1396 [2010]).

We reject defendant's contention that the People failed to es-

tablish the amount of restitution by a preponderance of the evidence (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221-222 [2007]). The People submitted the victim impact statement, which detailed the costs and damages resulting from defendant's actions, and that statement was supported by the victim's testimony at the restitution hearing (*see People v Howell*, 46 AD3d 1464 [2007], *lv denied* 10 NY3d 841 [2008]; *People v Senecal*, 31 AD3d 980 [2006]; *People v Periard*, 15 AD3d 693 [2005]). In addition, the amount of restitution was supported by the business records of the victim's insurance company, Erie Insurance Company of New York (Erie) (*see People v McLean*, 71 AD3d 1500 [2010], *lv denied* 14 NY3d 890 [2010]; *People v Worthy*, 17 AD3d 1156 [2005], *lv denied* 5 NY3d 796 [2005]; *see also People v Stevens*, 84 AD3d 1424, 1427 [2011]; *see generally* CPLR 4518). We conclude, however, that the People correctly concede that some of the items for which restitution was requested in Erie's claim were improperly included. We therefore modify the order by reducing the amount of restitution ordered with respect to Erie to $7,870.87. Inasmuch as a 5% collection surcharge was also imposed, we further modify the order by reducing the collection surcharge to $1,037.26, thereby reducing the total amount of restitution ordered to $21,782.36. Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.