# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

993

KA 09-01469

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

STEPHEN P. LAVILLA, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (DAVID E. GANN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered June 16, 2009. The order directed defendant to pay restitution in the amount of $22,488.55.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reducing the amount of restitution ordered with respect to Erie Insurance Company of New York to $7,870.87 and reducing the collection surcharge to $1,037.26, thereby reducing the total amount of restitution ordered to $21,782.36, and as modified the order is affirmed.

Memorandum: Defendant appeals from an order of restitution arising from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We note at the outset that, "[a]s a general rule, a defendant may not appeal as of right from a restitution order in a criminal case . . . Here, however, [County C]ourt bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing, and thus 'defendant may properly appeal as of right from both the judgment of conviction . . . and the sentence as amended . . ., directing payment of restitution . . ., [with] no need to seek leave to appeal from [the] order of restitution' " (*People v Brusie*, 70 AD3d 1395, 1396).

We reject defendant's contention that the People failed to establish the amount of restitution by a preponderance of the evidence (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221-222). The People submitted the victim impact statement, which detailed the costs and damages resulting from defendant's actions, and that statement was supported by the victim's testimony at the restitution hearing (*see People v Howell*, 46 AD3d 1464, *lv denied* 10 NY3d 841; *People v Senecal*, 31 AD3d 980; *People v Periard*, 15 AD3d 693). In addition, the amount of restitution was supported by the business

records of the victim's insurance company, Erie Insurance Company of New York (Erie) (*see People v McLean*, 71 AD3d 1500, *lv denied* 14 NY3d 890; *People v Worthy*, 17 AD3d 1156, *lv denied* 5 NY3d 796; *see also People v Stevens*, 84 AD3d 1424, 1427; *see generally* CPLR 4518).  We conclude, however, that the People correctly concede that some of the items for which restitution was requested in Erie's claim were improperly included.  We therefore modify the order by reducing the amount of restitution ordered with respect to Erie to $7,870.87.  Inasmuch as a 5% collection surcharge was also imposed, we further modify the order by reducing the collection surcharge to $1,037.26, thereby reducing the total amount of restitution ordered to $21,782.36.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court