# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1221

KA 10-00590

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JUDD A. FAREWELL, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

SETH AZRIA, SYRACUSE, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 7, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20). Defendant's contention in each appeal that County Court abused its discretion in denying his request for youthful offender status is encompassed by his valid waiver of the right to appeal (*see People v Elshabazz*, 81 AD3d 1429, *lv denied* 16 NY3d 858; *People v Capps*, 63 AD3d 1632, *lv denied* 13 NY3d 795). Defendant's challenge to the severity of the sentence in each appeal is also encompassed by that valid waiver (*see People v Lopez*, 6 NY3d 248, 255-256; *People v VanDeViver*, 56 AD3d 1118, 1119, *lv denied* 11 NY3d 931, 12 NY3d 788).

Defendant further contends in each appeal that the court should have conducted a hearing before ordering him to pay restitution. Inasmuch as defendant expressly waived his right to a hearing and agreed to the amount of restitution at sentencing, that contention is without merit (*see People v McElrath*, 241 AD2d 932).

Entered:  December 23, 2011                      Frances E. Cafarell
                                                 Clerk of the Court