# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

764

KA 11-02374

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

TERRANCE F. LUCIEER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO, FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered March 24, 2011. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). In appeal No. 2, defendant appeals from a judgment entered the same day as the judgment in appeal No. 1, revoking the sentence of probation imposed upon a previous conviction of grand larceny in the fourth degree (*id.*), based upon his admitted violation of probation, and sentencing him to a term of incarceration. We reject defendant's contention that the waiver of the right to appeal is invalid. County Court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Graham*, 77 AD3d 1439, 1439, *lv denied* 15 NY3d 920, quoting *People v Lopez*, 6 NY3d 248, 256).

The contention of defendant in appeal No. 1 that he was denied effective assistance of counsel because his attorney failed to pursue an allegedly meritorious speedy trial motion does not survive his plea and valid waiver of the right to appeal inasmuch as defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Paduano*, 84 AD3d 1730, 1731 [internal quotation marks omitted]; *see People v Slingerland*, 101 AD3d 1265, 1267, *lv denied* 20 NY3d 1104;

*People v Speranza*, 96 AD3d 1164, 1165).  In any event, defendant did not have a meritorious speedy trial claim inasmuch as the People demonstrated "sufficient excludable time" to establish compliance with CPL 30.30 (*People v Kendzia*, 64 NY2d 331, 338; *see People v Walker*, 27 AD3d 899, 900, *lv denied* 7 NY3d 764; *see generally People v Sweet*, 79 AD3d 1772).  Defense counsel therefore "was not ineffective in failing to pursue a motion that had no chance of success" (*People v Rivers*, 67 AD3d 1435, 1436, *lv denied* 14 NY3d 773, *reconsideration denied* 14 NY3d 892; *see People v Caban*, 5 NY3d 143, 152).

Defendant further contends that the court erred in ordering restitution based in part on the replacement cost, rather than the fair market value, of the stolen property.  Although "[d]efendant's challenge to the amount of restitution is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement" (*People v Tessitore*, 101 AD3d 1621, 1622, *lv denied* 20 NY3d 1104 [internal quotation marks omitted]; *see People v Miller*, 87 AD3d 1303, 1304, *lv denied* 18 NY3d 926), that contention is unpreserved for our review inasmuch as defendant did not object to the victim's valuation testimony or otherwise alert the sentencing court to his objection (*see* CPL 470.05 [2]).  In any event, we conclude that the People established the amount of restitution by a preponderance of the evidence, and there is no basis to disturb the restitution award (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221-222; *People v LaVilla*, 87 AD3d 1369, 1369-1370; *see generally People v Periard*, 15 AD3d 693, 694).

Finally, defendant's valid waiver of the right to appeal encompasses his contention in both appeals that the sentence imposed pursuant to the plea agreement is unduly harsh and severe (*see People v Rodman*, 104 AD3d 1186, 1188; *Tessitore*, 101 AD3d at 1621-1622; *see generally Lopez*, 6 NY3d at 255-256).

Entered:  June 14, 2013                        Frances E. Cafarell
                                               Clerk of the Court