# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1138
KA 13-00536
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES W. FRYSINGER, DEFENDANT-APPELLANT.

---

JAMES A. BAKER, ITHACA, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JAMES P. MILLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered October 19, 2012. The judgment convicted defendant, upon his plea of guilty, of unlawfully dealing with a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea and the waiver of indictment are vacated, and the matter is remitted to Steuben County Court for further proceedings.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of unlawfully dealing with a child in the first degree (Penal Law § 260.20 [2]). We note at the outset that defendant's waiver of the right to appeal is invalid. Despite the existence of a written appeal waiver form signed by defendant and his attorney, no questions were asked of defendant about the appeal waiver and his understanding thereof. In addition, the appeal waiver was not mentioned until after defendant pleaded guilty. Thus, the record is "insufficient to establish that [County Court] 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Hamilton*, 49 AD3d 1163, 1164).

We agree with defendant that the court erred in denying his motion to vacate his guilty plea, which, inter alia, challenged the factual sufficiency of his plea allocution (*see People v Lopez*, 71 NY2d 662, 665). Defendant was expressly charged with the act of providing alcoholic beverages to persons under 21 years of age, but during the brief factual colloquy at the plea proceeding he never admitted that he provided alcohol. Here, defendant "preserve[d his] challenge to the factual sufficiency of [the] plea allocution . . . [by making] a motion to withdraw the plea under CPL 220.60 (3)" (*id.*),

and we conclude that the court erred in denying that motion.

Entered:  November 15, 2013                Frances E. Cafarell
                                           Clerk of the Court