# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1334**
**KA 12-00042**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

JOEL A. LEWIS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered December 1, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), and was sentenced to a determinate term of incarceration of seven years with five years of postrelease supervision. He was also ordered to pay restitution in the amount of $1,102.50. On defendant's appeal from that judgment of conviction, we modified the judgment by vacating the sentence on the grounds that restitution had not been part of the plea agreement and that "the record [was] devoid of any evidence supporting the amount of restitution that defendant was required to pay" (*People v Lewis*, 89 AD3d 1485, 1486). We remitted the matter to County Court "to impose the sentence promised or to afford defendant the opportunity to move to withdraw his plea" (*id.*).

On remittal, the court afforded defendant the opportunity to withdraw his guilty plea, which he declined to do. Rather, defendant advised the court that he was "choosing to be sentenced to the sentence promised," which did not include restitution. The court, however, determined that it could not impose the sentence promised at the time that the plea was entered because the People had requested restitution, which they were entitled to do "at or before the time of sentencing" (Penal Law § 60.27 [1]; *see People v Naumowicz*, 76 AD3d 747, 749; *see generally People v Horne*, 97 NY2d 404, 410-412). The court therefore vacated defendant's plea over his objection. After conferring with defense counsel, defendant again pleaded guilty to burglary in the second degree in exchange for the previously agreed-

upon sentence, i.e., a determinate term of incarceration of seven years and five years of postrelease supervision, but with the addition of restitution in the amount of $1,102.50.

On appeal from the ensuing judgment of conviction, defendant contends that his guilty plea was not knowingly, voluntarily, and intelligently entered.  That contention is unpreserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lugg*, 108 AD3d 1074, 1075; *People v Sherman*, 8 AD3d 1026, 1026, *lv denied* 3 NY3d 681).  In any event, it is without merit.  The record establishes that defendant's plea was knowingly, voluntarily, and intelligently entered even though some of defendant's responses to the court's inquiries were monosyllabic (*see People v VanDeViver*, 56 AD3d 1118, 1118, *lv denied* 11 NY3d 931, *reconsideration denied* 12 NY3d 788; *cf. People v Brown*, 41 AD3d 1234, 1234, *lv denied* 9 NY3d 873), and further establishes that " 'defendant was rational and coherent during the entire plea proceeding' " (*VanDeViver*, 56 AD3d at 1118; *see generally People v Knoxsah*, 94 AD3d 1505, 1505-1506).

Defendant's challenge to the amount of restitution is likewise unpreserved for our review inasmuch as he "did not request a hearing to determine the [amount of restitution] or otherwise challenge the amount of restitution order[ed] during the sentencing proceeding" (*People v Jones*, 108 AD3d 1206, 1207 [internal quotation marks omitted]; *see People v Aucter*, 85 AD3d 1551, 1552, *lv denied* 18 NY3d 922).  Indeed, defendant expressly consented to the amount of restitution twice during the plea colloquy (*see People v Brown*, 70 AD3d 1378, 1379; *People v McElrath*, 241 AD2d 932, 932).  We further note that the present record contains evidence supporting the amount of restitution ordered, i.e., a victim impact statement included in the presentence report, and supporting documentation from the victims' insurance carrier (*see People v LaVilla*, 87 AD3d 1369, 1370; *McElrath*, 241 AD2d at 932; *cf. Lewis*, 89 AD3d at 1485).  We therefore see no basis to disturb the amount of restitution ordered.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court