■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK TIES, Appellant. [18 NYS3d 54]—

Judgment, Supreme Court, New York County (Larry Stephen, J.), rendered July 11, 2013, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously reversed, on the law, the plea vacated, defendant's suppression motion granted, the counts of the indictment charging criminal possession of stolen property in the fourth and fifth degrees and possession of burglar's tools dismissed, and the matter remanded for further proceedings on the remaining charges.

Defendant did not make a valid and enforceable waiver of his right to appeal (see People v Lopez, 6 NY3d 248, 257 [2006]). The court's cursory discussion of the waiver did not establish defendant's understanding that it encompassed the right to appeal as distinct from those rights normally waived by pleading guilty (id. at 256). The written waiver clearly states that defendant is giving up the distinct right to appeal; however, it was executed at sentencing, not at the time of the plea, and does not suffice to show that defendant knowingly and intelligently waived appeal at the time his plea was entered, as part of the plea agreement (see People v Frysinger, 111 AD3d 1397, 1398 [4th Dept 2013]; People v Williams, 102 AD3d 1055 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]).

Defendant's suppression motion should have been granted. The police officers' initial approach and their intrusion upon defendant's freedom by directing that he drop the bag were unsupported by a founded suspicion that criminality was afoot necessary to the exercise of the common-law right to inquire (see People v Hollman, 79 NY2d 181, 191-192 [1992]). The officers approached defendant based solely on their observation of him carrying a shopping bag or gift bag that seemed rigid. While one officer testified that, based on his experience, he thought it might be a "booster bag" used for shoplifting, he essentially described an ordinary shopping bag. Further, it was conceded that defendant was not free to leave at the time he was ordered to drop the bag and its use as a booster bag became

apparent. Defendant's innocuous behavior in walking in and out of a store with the bag and his ensuing behavior did not justify further interference to obtain explanatory information (*see People v De Bour*, 40 NY2d 210, 223 [1976]).

In view of the foregoing, we find it unnecessary to reach defendant's other arguments for vacatur of his plea. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.