# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**534**

**KA 13-00308**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

DAVID BROWN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered November 13, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (*id.*) under a separate indictment. It is undisputed that, pursuant to the terms of the plea agreement for both convictions, defendant was permitted to participate in the judicial diversion court and County Court would impose consecutive terms of imprisonment in the event that defendant did not successfully complete the drug treatment program. We agree with defendant's contention in both appeals that the written waiver of the right to appeal that he signed as part of the "treatment court contract," approximately two weeks after he pleaded guilty, does not constitute a valid waiver of the right to appeal. It is axiomatic that "[t]he record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256) and, here, the plea record is silent with respect to the waiver of the right to appeal.

We nevertheless reject defendant's contention in each appeal that the sentence imposed is unduly harsh and severe.

Entered: June 10, 2016                          Frances E. Cafarell
                                                Clerk of the Court