# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**975**

**KA 12-02180**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

ARTHUR E. MASON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LAW OFFICE OF GUY A. TALIA, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 18, 2012. The judgment convicted defendant, upon his plea of guilty, of forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of bail jumping in the second degree (§ 215.56). In 2010, defendant pleaded guilty to forgery and signed a drug court contract providing that, if he completed a drug court program, he would be allowed to withdraw his plea and instead plead guilty to a misdemeanor. The contract further provided that, if defendant was terminated from the program, he would be sentenced to a term of imprisonment. Defendant left the state for several months and, when he was returned on a bench warrant in 2012, he admitted that he violated the drug court contract, pleaded guilty to bail jumping, and was sentenced to consecutive indeterminate terms of imprisonment.

Contrary to the People's contention in both appeals, defendant did not validly waive his right to appeal. Although the drug court contract contained a written waiver of the right to appeal, County Court did not conduct any colloquy concerning that waiver at the plea proceeding in 2010, and we conclude that the contract alone is insufficient to establish a valid waiver in appeal No. 1 (*see People v Brown*, 140 AD3d 1682, 1683; *People v Jones*, 118 AD3d 1354, 1354, *lv denied* 24 NY3d 961; *see generally People v Bradshaw*, 18 NY3d 257, 265). In addition, during the proceedings in 2012, defendant did not

waive his right to appeal at the time that he admitted to violating the drug court contract and pleaded guilty to bail jumping. He purported to waive that right at sentencing, but the waiver "was not mentioned until after [he] pleaded guilty," and we therefore conclude that it was not effective with respect to either appeal (*People v Blackwell*, 129 AD3d 1690, 1690, *lv denied* 26 NY3d 926; *see People v Ties*, 132 AD3d 558, 558; *cf. People v Collins*, 53 AD3d 932, 933, *lv denied* 11 NY3d 831). Nevertheless, on the merits, we conclude that the sentence in each appeal is not unduly harsh or severe.

Entered:  November 10, 2016

Frances E. Cafarell
Clerk of the Court