# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

311
KA 15-00075
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ROBERT J. SAMPSON, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
DEFENDANT-APPELLANT.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H.
Martusewicz, J.), rendered August 5, 2013. The judgment convicted
defendant, upon his plea of guilty, of grand larceny in the fourth
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment
convicting him upon his plea of guilty of grand larceny in the fourth
degree (Penal Law § 155.30 [8]) and, in appeal No. 2, he appeals from
a judgment convicting him upon his plea of guilty of burglary in the
third degree (§ 140.20). In 2010, defendant pleaded guilty to
burglary in the third degree in appeal No. 2 and signed a drug court
contract providing that, if he completed a drug court program, he
would be allowed to withdraw his plea and instead plead guilty to a
misdemeanor. The contract further provided that, if defendant was
terminated from the program, he would be sentenced to a term of
imprisonment. Defendant's progress in the program did not prove
fruitful and, ultimately, he absconded from the program and relapsed
into drug use. During March of 2013, while still avoiding
apprehension by the authorities, defendant entered his uncle's
property and stole an antique tractor. Defendant was returned to
custody on a bench warrant later that month, pleaded guilty to grand
larceny, admitted that he had violated the drug court contract, and
was sentenced as a second felony offender to an indeterminate term of
incarceration on the burglary conviction in appeal No. 2 and to an
indeterminate term of imprisonment on the grand larceny conviction in
appeal No. 1, running consecutively to his sentence in appeal No. 2.

Defendant contends in appeal No. 2 that the appeal waiver in his

drug court contract is invalid because there was no corresponding oral colloquy.  We agree.  "Although the drug court contract contained a written waiver of the right to appeal, County Court did not conduct any colloquy concerning that waiver at the plea proceeding in 2010, and we conclude that the contract alone is insufficient to establish a valid waiver" in appeal No. 2 (*People v Mason*, 144 AD3d 1589, 1589; *see People v Myers*, 145 AD3d 1596, 1596-1597; *see generally People v Bradshaw*, 18 NY3d 257, 265).  We reject, however, defendant's challenge in appeal No. 1 to his appeal waiver entered at the plea proceeding in 2013.  "Even if there were any ambiguity in the . . . court's colloquy, defendant executed a detailed written waiver" (*People v Ramos*, 7 NY3d 737, 738; *cf. Bradshaw*, 18 NY3d at 266-267), and the court's " 'plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Arney*, 120 AD3d 949, 949; *see People v Bryant*, 28 NY3d 1094, 1096; *People v Buske*, 87 AD3d 1354, 1354, *lv denied* 18 NY3d 882).

     Defendant contends in each appeal that his plea was not knowing, voluntary, and intelligent.  As a preliminary matter, we note that defendant's challenges to the voluntariness of his plea in appeal No. 1 survive his valid waiver of the right to appeal (*see People v Wisniewski*, 128 AD3d 1481, 1481, *lv denied* 26 NY3d 937).  Nonetheless, we conclude that defendant's contentions in each appeal are not preserved for our review because he did not move to withdraw his respective pleas or move to vacate the respective judgments of conviction (*see People v Gerald*, 103 AD3d 1249, 1249).  In any event, defendant's contentions have no merit.  In each appeal, "[t]he record establishes that defendant's plea was knowingly, voluntarily, and intelligently entered even though some of defendant's responses to the court's inquiries were monosyllabic" (*People v Lewis*, 114 AD3d 1310, 1311, *lv denied* 22 NY3d 1200; *see People v VanDeViver*, 56 AD3d 1118, 1118, *lv denied* 11 NY3d 931, *reconsideration denied* 12 NY3d 788).  "[W]e have never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense . . . . , or provides a factual exposition for each element of the pleaded-to offense" (*People v Seeber*, 4 NY3d 780, 781), and "defendant made no statements at the time of [either] plea that cast any doubt on his guilt" (*People v Jeanty*, 41 AD3d 1223, 1223, *lv denied* 9 NY3d 923).

     Finally, defendant's valid waiver of the right to appeal with respect to both the conviction and sentence encompasses his contention that the sentence imposed in appeal No. 1 is unduly harsh and severe (*see People v Rodman*, 104 AD3d 1186, 1188, *lv denied* 22 NY3d 1202; *see also People v Lucieer*, 107 AD3d 1611, 1613).  The sentence imposed in appeal No. 2 is not unduly harsh or severe.


Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court