Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered August 5, 2013. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [8]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20). In 2010, defendant pleaded guilty to burglary in the third degree in appeal No. 2 and signed a drug court contract providing that, if he completed a drug court program, he would be allowed to withdraw his plea and instead plead guilty to a misdemeanor. The contract further provided that, if defendant was terminated from the program, he would be sentenced to a term of imprisonment. Defendant’s progress in the program did not prove fruitful and, ultimately, he absconded from the program and relapsed into drug use. During March of 2013, while still avoiding apprehension by the authorities, defendant entered his uncle’s property and stole an antique tractor. Defendant was returned to custody on a bench warrant later that month, pleaded guilty to grand larceny, admitted that he had violated the drug court contract, and was sentenced as a second felony offender to an indeterminate term of incarceration on the burglary conviction in appeal No. 2 and to an indeterminate term of imprisonment on the grand larceny conviction in appeal No. I, running consecutively to his sentence in appeal No. 2.
Defendant contends in appeal No. 2 that the appeal waiver in his drug court contract is invalid because there was no cor *1487 responding oral colloquy. We agree. “Although the drug court contract contained a written waiver of the right to appeal, County Court did not conduct any colloquy concerning that waiver at the plea proceeding in 2010, and we conclude that the contract alone is insufficient to establish a valid waiver” in appeal No. 2 (People v Mason, 144 AD3d 1589, 1589 [2016]; see People v Myers, 145 AD3d 1596, 1596-1597 [2016]; see generally People v Bradshaw, 18 NY3d 257, 265 [2011]). We reject, however, defendant’s challenge in appeal No. 1 to his appeal waiver entered at the plea proceeding in 2013. “Even if there were any ambiguity in the . . . court’s colloquy, defendant executed a detailed written waiver” (People v Ramos, 7 NY3d 737, 738 [2006]; cf. Bradshaw, 18 NY3d at 266-267), and the court’s “ ‘plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty’ ” (People v Arney, 120 AD3d 949, 949 [2014]; see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Buske, 87 AD3d 1354, 1354 [2011], lv denied 18 NY3d 882 [2012]).
Defendant contends in each appeal that his plea was not knowing, voluntary, and intelligent. As a preliminary matter, we note that defendant’s challenges to the voluntariness of his plea in appeal No. 1 survive his valid waiver of the right to appeal (see People v Wisniewski, 128 AD3d 1481, 1481 [2015], lv denied 26 NY3d 937 [2015]). Nonetheless, we conclude that defendant’s contentions in each appeal are not preserved for our review because he did not move to withdraw his respective pleas or move to vacate the respective judgments of conviction (see People v Gerald, 103 AD3d 1249, 1249 [2013]). In any event, defendant’s contentions have no merit. In each appeal, “[t]he record establishes that defendant’s plea was knowingly, voluntarily, and intelligently entered even though some of defendant’s responses to the court’s inquiries were monosyllabic” (People v Lewis, 114 AD3d 1310, 1311 [2014], lv denied 22 NY3d 1200 [2014]; see People v VanDeViver, 56 AD3d 1118, 1118 [2008], lv denied 11 NY3d 931 [2009], denied reconsideration 12 NY3d 788 [2009]). “[W]e have never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense . . . , or provides a factual exposition for each element of the pleaded-to offense” (People v Seeber, 4 NY3d 780, 781 [2005]), and “defendant made no statements at the time of [either] plea that cast any doubt on his guilt” (People v Jeanty, 41 AD3d 1223, 1223 [2007], lv denied 9 NY3d 923 [2007]).
Finally, defendant’s valid waiver of the right to appeal with *1488 respect to both the conviction and sentence encompasses his contention that the sentence imposed in appeal No. 1 is unduly harsh and severe (see People v Rodman, 104 AD3d 1186, 1188 [2013], lv denied 22 NY3d 1202 [2014]; see also People v Lucieer, 107 AD3d 1611, 1613 [2013]). The sentence imposed in appeal No. 2 is not unduly harsh or severe.
Present — Carni, J.P., Lindley, DeJoseph, Troutman and Scudder, JJ.