■ The People of the State of New York, Respondent, v Steven Harris, Appellant. [51 NYS3d 437]—

Peters, P.J. Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered August 24, 2015, convicting defendant upon his plea of guilty of the crime of criminal contempt in the second degree (two counts).

In satisfaction of a 15-count indictment, defendant pleaded guilty to two counts of criminal contempt in the second degree as a result of violating the terms of an order of protection and waived his right to appeal. Defendant was sentenced, in accordance with the plea agreement, to consecutive one-year jail terms. He appeals.

We agree with defendant that the waiver of the right to appeal was invalid. A review of the colloquy reflects that County Court did not "meet its obligation to ensure that defendant understood that his appeal waiver encompassed a right 'separate and distinct from those . . . automatically forfeited upon a plea of guilty' " (*People v Burgette*, 118 AD3d 1034, 1035 [2014], *lv denied* 24 NY3d 1118 [2015], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]). The only inquiry by the court with respect to the waiver of the right to appeal was whether defendant executed the written waiver knowingly, voluntarily and intelligently.* Moreover, the court did not inquire as to " 'the circumstances surrounding the document's execution' or confirm that defendant had been fully advised by counsel of the document's significance" (*People v Chappelle*, 121 AD3d 1166, 1167 [2014], *lv denied* 24 NY3d 1118 [2015], quoting *People v Callahan*, 80 NY2d 273, 283 [1992]). As such, the invalid appeal waiver does not preclude defendant's challenge to

---

* It is unclear from the record whether the appeal waiver was executed before or during the plea colloquy.

the sentence as harsh and excessive. Nevertheless, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence (*see People v Saxton*, 75 AD3d 755, 760 [2010], *lv denied* 15 NY3d 924 [2010]).

McCarthy, Egan Jr., Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.