■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE EATON, Also Known as LAWRENCE STYLES, Appellant. [54 NYS3d 903]—Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 28, 2015. The judgment convicted defendant, upon his plea of guilty, of gang assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of gang assault in the first

degree (Penal Law § 120.07). We reject defendant's contention that he did not validly waive his right to appeal any issue concerning the severity of the sentence. Defendant's oral waiver of the right to appeal was accompanied by a written waiver stating that defendant was waiving his right to appeal "issues relating to [his] sentence and conviction" (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v McArthur*, 149 AD3d 1568, 1568-1569 [2017]), and County Court obtained defendant's assurances at the plea proceeding that he had read and understood the written waiver (*see People v Lewis*, 143 AD3d 1183, 1185 [2016]). The court's statements at the plea colloquy and the terms of the written waiver also "adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Sampson*, 149 AD3d 1486, 1487 [2017] [internal quotation marks omitted]). Thus, defendant may not challenge the severity of the sentence on this appeal. Present—Whalen, P.J., Carni, Lindley, Curran and Scudder, JJ.