People v Coats (2018 NY Slip Op 00983)





People v Coats


2018 NY Slip Op 00983


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


126 KA 16-01944

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DYLLAN M. COATS, DEFENDANT-APPELLANT. 






DANIEL M. GRIEBEL, TONAWANDA, FOR DEFENDANT-APPELLANT.
KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT, FOR RESPONDENT. 


 Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered July 21, 2016. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [4]), criminal possession of stolen property in the fourth degree (§ 165.45 [2]), and burglary in the second degree
(§ 140.25 [2]). We agree with defendant that his waiver of the right to appeal is not valid. "Although the drug court contract [signed by defendant] contained a written waiver of the right to appeal, County Court did not conduct any colloquy concerning that waiver at the plea proceeding . . . , and we conclude that the contract alone is insufficient to establish a valid waiver" (People v Mason, 144 AD3d 1589, 1589 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]; see People v Sampson, 149 AD3d 1486, 1487 [4th Dept 2017]).
Nevertheless, we affirm. Defendant's contention that counts of the superior court information were improperly joined in a single accusatory instrument does not survive his plea of guilty inasmuch as "[a] guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (People v Fernandez, 67 NY2d 686, 688 [1986]). Defendant's contention that his challenge with respect to improper joinder survives his plea of guilty because the superior court information was jurisdictionally defective is without merit inasmuch as each count therein charges an "offense for which the defendant was held for action of a grand jury"(CPL 195.20; cf. People v Pierce, 14 NY3d 564, 574 [2010]).
The sentence is not unduly harsh or severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court