People v Campbell (2018 NY Slip Op 03561)





People v Campbell


2018 NY Slip Op 03561


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

106559

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL CAMPBELL, Also Known as SOLIDER, Appellant.

Calendar Date: April 3, 2018

Before: McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Kathryn M. Moryl of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered March 22, 2013, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
County Court (Jacon, J.) conducted a colloquy with defendant in which he pleaded guilty to attempted criminal sale of a controlled substance in the third degree. County Court (Young, J.) thereafter sentenced him, as a second felony offender, to the agreed-upon sentence of four years in prison, to be followed by two years of postrelease supervision, the sentence to be served under parole supervision pursuant to CPL 410.91. Defendant appeals.
We affirm. The People initially concede, and we agree, that the waiver of the right to appeal — consisting of a sparse written waiver executed at sentencing that was not referenced during the plea colloquy — was not valid (see People v Thompson, 157 AD3d 1141, 1141-1142 [2018]; People v Ties, 132 AD3d 558, 558 [2015]). We accordingly address defendant's remaining contention, that his sentence is harsh and excessive, and find neither an abuse of discretion nor the existence of any extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Ortiz, 153 AD3d 1049, 1049 [2017]; People v Harris, 150 AD3d 1337, 1337-1338 [2017]).
McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.