People v Teta (2018 NY Slip Op 06674)





People v Teta


2018 NY Slip Op 06674


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1051 KA 16-01113

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH TETA, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, NEW YORK CITY (HARRY M. JACOBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered October 27, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree
(§ 220.16 [1]), and criminal possession of a controlled substance in the seventh degree (§ 220.03). We agree with defendant that his purported waiver of the right to appeal is invalid. "County Court failed to obtain a knowing and voluntary waiver of the right to appeal at the time of the plea" (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Moreover, "the written waiver of the right to appeal that [defendant] signed as part of the treatment court contract,' [a day] after he pleaded guilty, does not constitute a valid waiver of the right to appeal" (People v Brown, 140 AD3d 1682, 1683 [4th Dept 2016], lv denied 28 NY3d 969 [2016]).
Furthermore, we agree with defendant that the court failed to fulfill its obligation to advise him, at the time of the plea, that the sentences imposed upon his conviction of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree would include periods of postrelease supervision (see People v Catu, 4 NY3d 242, 244-245 [2005]). We therefore reverse the judgment and vacate defendant's plea (see People v Cornell, 16 NY3d 801, 802 [2011]). In light of our determination, we do not address defendant's remaining contention.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court