People v Sampson (2019 NY Slip Op 00723)





People v Sampson


2019 NY Slip Op 00723


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


98 KA 17-00365

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT J. SAMPSON, JR., DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered August 5, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law
§ 140.20). Defendant's contention that there were defects in County Court's arraignment procedure was forfeited by his guilty plea (see People v Judd, 111 AD3d 1421, 1422 [4th Dept 2013], lv denied 23 NY3d 1039 [2014]; see generally People v Konieczny, 2 NY3d 569, 574-575 [2004]). We agree with defendant that his waiver of the right to appeal is invalid, for reasons stated in defendant's prior appeal from a separate conviction that involved the same appeal waiver (People v Sampson, 149 AD3d 1486, 1486-1487 [4th Dept 2017]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court