People v Harder (2019 NY Slip Op 08080)





People v Harder


2019 NY Slip Op 08080


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1062 KA 17-02140

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN G. HARDER, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered September 21, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree (Penal Law §§ 110.00, 130.80). Contrary to defendant's contention, the record establishes that he validly waived his right to appeal. County Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Suttles, 107 AD3d 1467, 1468 [4th Dept 2013], lv denied 21 NY3d 1046 [2013] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]), and the record reflects that defendant "understood that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see People v Alfiere, 156 AD3d 1446, 1446 [4th Dept 2017], lv denied 31 NY3d 980 [2018]). In addition, defendant's oral waiver of the right to appeal was accompanied by a written waiver stating that he understood that he was waiving "all rights to appeal from [his] judgment of conviction and [his] sentence" (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Eaton, 151 AD3d 1950, 1951 [4th Dept 2017]).
Defendant's valid waiver of the right to appeal with respect to both the conviction and sentence forecloses his challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Defendant further contends that the court erred in issuing a permanent order of protection in favor of his younger daughter, who was not the victim of the crime. As a preliminary matter, and as the People correctly concede, "the waiver by defendant of the right to appeal does not encompass his contentions concerning the order[] of protection" (People v Victor, 20 AD3d 927, 928 [4th Dept 2005], lv denied 5 NY3d 833 [2005], reconsideration denied 5 NY3d 885 [2005]; see generally People v Tate, 83 AD3d 1467, 1467 [4th Dept 2011]). Nevertheless, defendant's contention lacks merit. Defendant was convicted of sexually abusing his older daughter, and CPL 530.12 (5) (a) provides that, upon sentencing on a conviction for any crime between a parent and child, a court may issue an order of protection directing defendant to "stay away from the home, school, business or place of employment of . . . any witness designated by the court." Here, the court concluded that the younger daughter was scheduled to be a witness at defendant's trial, and thus the court properly granted the order of protection on that ground. We have considered defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court